People v Graubard (2023 NY Slip Op 01308)

People v Graubard

2023 NY Slip Op 01308

Decided on March 15, 2023

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-08235
 (Ind. No. 38/14)

[*1]The People of the State of New York, respondent,
v
Michael D. Graubard, appellant. APPEAL by the defendant from an order of the County Court (Jessica Z. Segal, J.), dated October 12, 2021, and entered in Dutchess County. The order, insofar as appealed from, upon granting the defendant's motion pursuant to CPL 440.46-a(2)(a) to vacate a judgment of the same court rendered August 28, 2014, convicting him of criminal possession of marihuana in the first degree, upon his plea of guilty, substituted a conviction of criminal possession of cannabis in the first degree pursuant to CPL 440.46-a(2)(b)(ii).

MRTA Law, P.C., New York, NY (Wei Hu of counsel), for appellant.
 William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DILLON, J.P.

OPINION & ORDER
On this appeal from an order determining the defendant's motion pursuant to the newly enacted CPL 440.46-a, the main questions presented are whether the County Court, having vacated the defendant's conviction under Penal Law former article 221, had the authority pursuant to CPL 440.46-a(2)(b)(ii) to substitute a conviction under Penal Law article 222 for his vacated conviction, and whether the court failed to consider if it was not in the interests of justice to do so. We hold that the court, having vacated the defendant's conviction under Penal Law former article 221, had the authority pursuant to CPL 440.46-a(2)(b)(ii) to substitute a conviction under Penal Law article 222 for his vacated conviction. We further hold that the court committed reversible error by failing to consider, as required by the statute, whether it was not in the interests of justice to substitute a conviction for an appropriate lesser offense.
I. Background
In 2014, the defendant was convicted, upon his plea of guilty, of criminal possession of marihuana in the first degree, a class C felony, under Penal Law former § 221.30. According to the People, this conviction resulted from a traffic stop and arrest where the defendant was found to possess approximately 114 pounds of marihuana. For his conviction, the defendant was sentenced to a term of imprisonment of two years plus two years of postrelease supervision.
In 2021, the defendant moved pursuant to the newly enacted CPL 440.46-a(2)(a) to vacate the judgment of conviction. He contended that there were severe or ongoing consequences as a result of his conviction or sentence. The defendant, then age 54, asserted that he lived with and cared for his mother, who was 86 years of age, and twice per week drove her to cancer treatment. He worked in a kitchen earning $20 per hour. The defendant asserted that this conviction, which he claimed was his only conviction, prevented him from realizing his dream of becoming a high school history teacher. He further contended that his time of incarceration had allowed him to reflect on what was important, namely, spending time with loved ones and being a positive contributor to those [*2]around him by empowering them to make the community stronger.
The People submitted papers in response to the defendant's motion. In effect, the People opposed "outright vacatur" of the defendant's conviction, but took no position on whether the County Court should substitute the defendant's conviction for an appropriate lesser offense under Penal Law article 222. The defendant submitted reply papers, in which his counsel argued that the defendant was a "poster child" for relief under CPL 440.46-a and that the statute authorized a complete vacatur of the original conviction.
In an order dated October 12, 2021, the County Court granted the defendant's motion and, thereupon, pursuant to CPL 440.46-a(2)(b)(ii), substituted a conviction of criminal possession of cannabis in the first degree under the newly enacted Penal Law § 222.40, a class D felony. The defendant appeals from so much of the order as substituted a conviction of criminal possession of cannabis in the first degree.
II. Substituting a Conviction
On appeal, the parties dispute, among other things, whether the County Court had the authority pursuant to CPL 440.46-a(2)(b)(ii) to substitute a conviction under Penal Law article 222 for his vacated conviction under Penal Law former article 221, and whether the court failed to consider if it was not in the interests of justice to do so.
An act known as the "Marihuana Regulation and Taxation Act" (hereinafter the MRTA) was enacted and became effective March 31, 2021 (see L 2021, ch 92, § 1). As part of an enacted chapter of the consolidated laws known as the "Cannabis Law," the MRTA included a section of legislative findings and intent (see L 2021, ch 92, § 2). The Legislature found, among other things, that "[e]xisting [marihuana] laws have been ineffective in reducing or curbing marihuana use and have instead resulted in devastating collateral consequences, including mass incarceration and other complex generational trauma, that inhibit an otherwise law-abiding citizen's ability to access housing, employment opportunities, and other vital services" (L 2021, ch 92, § 2). The MRTA, inter alia, repealed article 221 of the Penal Law (see L 2021, ch 92, § 15), amended the Penal Law by adding a new article 222 relating to cannabis (see L 2021, ch 92, § 16), and amended the Criminal Procedure Law by adding a new section 440.46-a (see L 2021, ch 92, § 24).
Criminal Procedure Law 440.46-a is entitled "Motion for resentence; persons convicted of certain marihuana offenses." That statute provides, in part:
"2. (a) When a person is serving or has completed serving a sentence for a conviction in this state, whether by trial verdict or guilty plea, under former article two hundred twenty-one of the penal law, and such person's conduct as alleged in the accusatory instrument and/or shown by the guilty plea or trial verdict, or shown by other information: (i) would not have been a crime under article two hundred twenty-two of the penal law, had such article two hundred twenty-two rather than former article two hundred twenty-one of the penal law been in effect at the time of such conduct; or (ii) under such circumstances such person would have been guilty of a lesser or potentially less onerous offense under such article two hundred twenty-two than such former article two hundred twenty-one of the penal law; then such person may petition the court of conviction pursuant to this article for vacatur of such conviction.
"(b)(i) Upon receiving a served and filed motion under paragraph (a) of this subdivision, the court shall presume that any conviction by plea was not knowing, voluntary and intelligent and that any conviction by verdict and any accompanying sentence constitutes cruel and unusual punishment under the state constitution if either has severe or ongoing consequences, including but not limited to potential or actual immigration consequences; and the court shall further presume that the movant satisfies the criteria in such paragraph (a) and thereupon make such finding and grant the motion to vacate such conviction on such grounds in a written order unless the party opposing the motion proves, by clear and convincing evidence, that the movant does not satisfy the criteria to bring such [*3]motion. (ii) If the petition meets the criteria in subparagraph (i) of paragraph (a) of this subdivision, the court after affording the parties an opportunity to be heard and present evidence, may substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense under article two hundred twenty-two of the penal law" (id. § 440.46-a[2][a], [b]).
Here, the defendant's motion was pursuant to CPL 440.46-a(2)(a)(ii), as he had completed serving the sentence for his conviction under Penal Law former article 221, criminal possession of marihuana in the first degree, and it was shown that he would have been guilty of a lesser or potentially less onerous offense under the newly enacted Penal Law article 222, criminal possession of cannabis in the first degree, than he was under the former law.
The People failed to prove by clear and convincing evidence that the defendant did not satisfy the criteria to bring the motion. Applying the presumptions of CPL 440.46-a(2)(b)(i), the County Court was required by that statute to grant the defendant's motion to vacate his conviction, and did so.
The questions now before us are whether the County Court, having vacated the conviction under Penal Law former article 221, had the authority pursuant to CPL 440.46-a(2)(b)(ii) to substitute a conviction under Penal Law article 222 for the vacated conviction, and whether the court failed to consider if it was not in the interests of justice to do so.
As recited above, CPL 440.46-a(2)(b)(ii) provides that a court, "after affording the parties an opportunity to be heard and present evidence, may substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense under [Penal Law article 222]" "[i]f the petition meets the criteria in subparagraph (i) of paragraph (a) of this subdivision" (emphasis added). CPL 440.46-a(2)(a)(i) applies where a defendant's conduct "would not have been a crime under article two hundred twenty-two of the penal law, had such article two hundred twenty-two rather than former article two hundred twenty-one of the penal law been in effect at the time of such conduct." Thus, the statute provides that the court may substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense under Penal Law article 222 if the defendant's conduct would not have been a crime under Penal Law article 222 had that article been in effect at the time of the conduct.
"The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature. Generally, the plain meaning of the statutory text is the best evidence of legislative intent" (People v Galindo, 38 NY3d 199, 203 [citations and internal quotation marks omitted]). "In interpreting the statute we are guided by a well-settled principle of statutory construction: courts normally accord statutes their plain meaning, but will not blindly apply the words of a statute to arrive at an unreasonable or absurd result" (People v Santi, 3 NY3d 234, 242 [internal quotation marks omitted]; see McKinney's Cons Laws of NY, Statutes §§ 143 ["Generally, statutes will be given a reasonable construction, it being presumed that a reasonable result was intended by the Legislature"], 145 ["A construction which would make a statute absurd will be rejected"]).
Rote application of CPL 440.46-a(2)(b) leads to an unreasonable and absurd result. Under its plain language, substitution of a conviction for an appropriate lesser offense under Penal Law article 222 is permitted where the conduct would not have been a crime under Penal Law article 222. But, of course, substituting an appropriate lesser offense is not warranted, and indeed not possible, when the conduct would not have been a crime had the new law been in effect at the relevant time. Additionally, the statute as written would not permit substitution for an appropriate lesser offense where, as here, the conduct would have been a crime—a felony in this case—under the presently effective Penal Law article 222.
Moreover, rote application of CPL 440.46-a(2)(b) would render portions of CPL 440.46-a meaningless (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 587 ["A construction that would render a provision superfluous is to be avoided"]; McKinney's Cons Laws of NY, Statutes § 98[a] ["All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof"]). For instance, CPL 440.46-a(3) states that "[u]nder no circumstances may substitution under this section result in the imposition of a term of imprisonment or sentencing term, obligation or condition that is in any way either harsher than the original sentence or harsher than the sentence authorized for any substituted lesser offense." CPL [*4]440.46-a(4)(c) provides, in part, that "[w]hen a felony conviction is vacated pursuant to this section and a lesser offense that is a misdemeanor or violation is substituted for such conviction, such lesser offense shall be considered a misdemeanor or violation, as the case may be, for all purposes." Subdivision (4)(c) continues, "[w]hen a misdemeanor conviction is vacated pursuant to this section and a lesser offense that is a violation is substituted for such conviction, such lesser offense shall be considered a violation for all purposes" (id.). There would be no reason to specify that substitution may not result in a harsher sentence, or to specify how the substituted lesser offense must be considered, if substitution for an appropriate lesser offense under Penal Law article 222 is permitted only where the conduct would not have been a crime at all under Penal Law article 222.
In our view, the incongruity inherent within CPL 440.46-a(2)(b)(ii) is explained by a mere scrivener's error committed when the legislation was drafted and enacted. Where CPL 440.46-a(2)(b)(ii) authorizes the court to substitute an appropriate lesser offense under the new Penal Law article 222 if a petition meets the criteria of CPL 440.46-a(2)(a)(i), the Legislature could only have logically intended for CPL 440.46-a(2)(b)(ii) to apply if a petition instead meets the criteria of CPL 440.46-a(2)(a)(ii). Only with that construction do the interrelated provisions of the new statute make sense and implement the Legislature's stated intent. Absent that recognition, the language of CPL 440.46-a leads to an unreasonable and absurd result that would render portions of the new statute meaningless.
We therefore hold that CPL 440.46-a(2)(b)(ii) must be interpreted in the manner the Legislature plainly intended, not as it presently appears due to an evident scrivener's error,[FN1] to permit the court, after affording the parties an opportunity to be heard and present evidence, to substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense under Penal Law article 222 where the defendant meets the criteria in CPL 440.46-a(2)(a)(ii), i.e., where the defendant would have been guilty of a lesser or potentially less onerous offense under Penal Law article 222 than under Penal Law former article 221. Thus, contrary to the defendant's contention, the County Court, having vacated the defendant's conviction under Penal Law former article 221, had the authority pursuant to CPL 440.46-a(2)(b)(ii) to substitute a conviction under Penal Law article 222 for his vacated conviction.
III. Interests of Justice
The County Court, however, committed reversible error by failing to consider whether it was not in the interests of justice to substitute a conviction for an appropriate lesser offense. In the order appealed from, the court concluded that CPL 440.46-a authorized complete vacatur of a conviction only when the conduct would not have violated Penal Law article 222 had it been in effect at the time of the conduct and, since the defendant's conduct would have violated Penal Law § 222.40, complete vacatur of his conviction was not authorized. This conclusion is erroneous because CPL 440.46-a(2)(b)(ii) provides, in part, that the court, after affording the parties an opportunity to be heard and present evidence, may substitute a conviction for an appropriate lesser offense under Penal Law article 222 "unless it is not in the interests of justice to do so." Since the court failed to consider whether it is not in the interests of justice to substitute a conviction for an appropriate lesser offense, we reverse the order insofar as appealed from and remit the matter to the County Court, Dutchess County, for a new determination as to whether to substitute a conviction of criminal possession of cannabis in the first degree pursuant to CPL 440.46-a(2)(b)(ii) after considering if it is not in the interests of justice to do so.
We take this opportunity to address one final point about the new statute. The defendant contends that the County Court erred by substituting a conviction for a lesser offense without having conducted an evidentiary hearing. CPL 440.46-a(4)(b) provides that "[u]nless [*5]requested by the movant, no hearing is necessary to grant an application filed under subdivision two of this section." CPL 440.46-a(2)(b)(ii) permits the court to substitute, unless it is not in the interests of justice to do so, a conviction for an appropriate lesser offense "after affording the parties an opportunity to be heard and present evidence." In his moving papers, the defendant failed to affirmatively request such a hearing. Further, he was afforded an opportunity to be heard and present evidence on the issue of substituting a conviction for a lesser offense. His motion papers correctly indicated that his conduct would have been a lesser or potentially less onerous offense under Penal Law article 222. Additionally, the People's papers submitted in relation to the defendant's motion gave notice that the People opposed complete vacatur of his conviction. The defendant submitted, and the order appealed from indicates that the court considered, papers in reply. Thus, under the circumstances, the defendant's further contention would not entitle him to relief.
Since this matter is being remitted, we express our view that if it so chooses, the County Court remains free to conduct an evidentiary hearing to aid it in determining whether to substitute a conviction of criminal possession of cannabis in the first degree pursuant to CPL 440.46-a(2)(b)(ii) and in considering if it is not in the interests of justice to do so. However, an evidentiary hearing is not statutorily required if the parties have otherwise been afforded an opportunity to be heard and present evidence, and the court determines that no further fact-finding is needed to aid in its decision-making under the statute.
In light of the foregoing, the order is reversed insofar as appealed from, on the law, and the matter is remitted to the County Court, Dutchess County, for a new determination as to whether to substitute a conviction of criminal possession of cannabis in the first degree pursuant to CPL 440.46-a(2)(b)(ii) after considering whether it is not in the interests of justice to do so.
MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the County Court, Dutchess County, for a new determination as to whether to substitute a conviction of criminal possession of cannabis in the first degree pursuant to CPL 440.46-a(2)(b)(ii) after considering whether it is not in the interests of justice to do so.
ENTER: Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1:In the appellate briefs and during oral argument, reference was made to a pending legislative bill addressing CPL 440.46-a. Pending Senate Bill S2772, among other things, would amend CPL 440.46-a(2)(b)(ii) to reference the criteria in CPL 440.46-a(2)(a)(ii) and omit the reference to CPL 440.46-a(2)(a)(i) (see 2023-2024 NY Senate Bill S2772 § 11, https://www.nysenate.gov/legislation/bills/2023/S2772 [last accessed Feb. 17, 2023]). The justification in the Sponsor's Memorandum to pending Senate Bill S2772 indicates, inter alia, that the proposed legislation "corrects a cross-reference in the criminal procedure law regarding motions to resentence in certain marihuana related offenses" (Sponsor's Mem, 2023-2024 NY Senate Bill S2772, https://www.nysenate.gov/legislation/bills/2023/S2772 [last accessed Feb. 17, 2023]).